UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESLIE MARTIN,<br><br>    Plaintiff(s),<br><br>    v.<br>LONA *et al*<br><br>    Defendant(s). | Case No. 2:18-cv-02426-RFB-VCF<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court are Plaintiff's Motion for Temporary Restraining Order/ Preliminary Injunction, Motion for Temporary Restraining Order, and Motion to Amend Complaint. ECF Nos. 3, 4, 16, 17.  For the following reasons, the Court denies all motions.

## II.     PROCEDURAL BACKGROUND

Plaintiff began this case by filing an application to proceed in forma pauperis on December 26, 2018. ECF No. 1. Plaintiff filed his motions for a temporary restraining order and preliminary injunction on August 30, 2019. ECF Nos. 3, 4. Defendants filed their response along with Court-required medical records on September 13, 2019. ECF Nos. 8, 11. Plaintiff filed another motion for appointment of counsel on October 16, 2019, and a new motion for temporary restraining order on February 5, 2020. ECF Nos. 16. Plaintiff now also moves to amend his complaint. ECF No. 17.

## III.     FACTUAL BACKGROUND

Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP") alleges the following facts in his motions: Plaintiff never had any back issues in his life until 2018, when he was assaulted by an HDSP officer and struck several times while in handcuffs and slammed on his back. Plaintiff has also previously been assaulted by a different officer who propelled water on him from the Control Bubble, causing him to slip and fall onto his back. Both of these events

1  combined caused the middle, right side of his back to swell. Sleeping at night became
2  uncomfortable and literally impossible. Plaintiff also had difficulty stretching and working out as
3  both actions caused the swelling to drastically increase. Plaintiff received no responses despite
4  sending several medical kites. Plaintiff now seeks a preliminary injunction/temporary restraining
5  order that requires prison officials to give him an MRI.

6  In its response to Plaintiff's motions, the Nevada Department of Corrections submitted a
7  response in which it noted that there was no documentation in Plaintiff's medical files of any back
8  problems, but that the NDOC had arranged for Plaintiff to meet with a provider to assess and
9  identify any medical needs on Friday, September 13, 2019.

10  **IV.  LEGAL STANDARD**

11  A temporary restraining order (TRO) may be issued without notice to the adverse party
12  only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate
13  and irreparable injury, loss, or damage will result to the movant before the adverse party can be
14  heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why
15  notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt
16  necessary in certain circumstances, but under federal law they should be restricted to serving their
17  underlying purpose of preserving the status quo and preventing irreparable harm just so long as is
18  necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126,
19  1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439
20  (1974)).

21  The analysis for a temporary restraining order is "substantially identical" to that of a
22  preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d
23  832, 839 n.7 (9th Cir. 2001).

24  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a
25  clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,
26  555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements:
27  "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm
28  in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that

the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

## V. DISCUSSION

### a. Plaintiff's Initial Motion for Preliminary Injunction and Temporary Restraining Order

The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a preliminary injunction or temporary restraining order at this time. The injunctive relief that Plaintiff seeks is not sufficiently connected to the underlying complaint. Plaintiff seeks monetary damages in response to the conduct alleged in his complaint. ECF No. 1 The Ninth Circuit has explained that the Court may only grant injunctive relief when the preliminary injunction would grant relief of the same character as that which may be granted finally. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Further, Plaintiff indicates in his reply to his motion for preliminary injunction and temporary restraining order that he has since met with Medical to receive treatment for his back since filing his motion for a preliminary injunction/temporary restraining order. Although Plaintiff argues that he needs to be referred to a hospital rather than continue to receive treatment from HDSP medical staff, a disagreement as to the best course of medical treatment is not a cognizable deliberate indifference to medical needs claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

/ / /

### b. Plaintiff's Second Motion for Temporary Restraining Order

In his subsequent motion for a temporary restraining order, Plaintiff also seeks an injunction preventing his transfer to Ely Prison. It is well-established that people who are incarcerated have no liberty interest in interstate prison transfer that is protected by the Due Process Clause. Olim v. Wakinekona, 461 U.S. 238 (1983). However, a person may still seek to enjoin transfer to another facility when they can show that the transfer was done in retaliation for an inmate's exercise of his constitutional rights, including his First Amendment right to pursue federal civil rights litigation. Pratt v. Rowland, 65 F.3d 802, 806-08 (9th Cir. 1995). The Court finds that Plaintiff has failed to submit facts sufficient to find that Plaintiff's pending prison transfer was due to retaliation on the part of prison staff. Accordingly, the Court cannot find that there is a likelihood of success on the merits and denies Plaintiff's second motion for a temporary restraining order with regard to the Ely prison transfer.

### c. Motion to Amend Complaint

An amended complaint supersedes (replaces) the original complaint and thus the amended complaint must be complete in itself. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989). In his motion to amend his complaint, Plaintiff fails to properly attach a second complaint that is complete within itself. Accordingly, the Court denies Plaintiff's Motion to Amend the complaint, without prejudice to refiling. In refiling a motion to amend the complaint, Plaintiff must attach a complete complaint that includes all defendants and all claims asserted against those defendants in one document.

///
///
///
///
///
///
///
///

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3), Plaintiff's Motion for Preliminary Injunction (ECF No. 4), Plaintiff's Motion for Temporary Restraining Order (ECF No. 16) are denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 17) is DENIED without prejudice to refiling.

DATED: February 6, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**