**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WESLIE MARTIN,<br><br>           Plaintiff,<br><br>vs.<br><br>OFFICER EFRAIN LONA, *et al.*,<br><br>           Defendants. | 2:18-cv-02426-RFB-VCF<br><br>**ORDER**<br><br>MOTION TO COMPEL (ECF NO. 33) |

Before the Court is plaintiff Weslie Martin's motion to compel (ECF No. 33). The Court grants the motion in part. (*Id.*)

**I.     Background**

Pro se plaintiff Weslie Martin is incarcerated and he brings claims pursuant to 42. U.S.C. §1983: pursuant to the screening order, Martin's claims will proceed regarding: (1) Eighth Amendment sexual assault claim against High Desert State Prison (HDSP) correctional Officer Dubree; (2) Eighth Amendment excessive force claim against HDSP correctional Officer Warden; (3) Eighth Amendment excessive force claim against HDSP correctional Officer Lona; (4) Eighth Amendment deliberate indifference to a serious medical need claim against Dubree, Warden, and Lona. (ECF No. 18). The Nevada Attorney General accepted service on behalf of Officer Efrain Lona only. (ECF No. 32).

Plaintiff now moves to compel the Nevada AG to accept service for Officers Dubree and Warden. (ECF No. 33). Plaintiff argues that he may have misspelled the names of officers Dubree and Warden, but he alleges that the Nevada AG knows the identities of Officers Dubree and Warden. (*Id.*) The Nevada AG argues in its response that are no NDOC employees named "Dubree" or "Warden" and thus it cannot ascertain their identities. (ECF No. 34 at 4). It also argues that Dubree and

1

Warden are not current state employees, and it cannot accept service on their behalf. (*Id.*) The Nevada AG also argues that to the extent plaintiff's motion is construed as a discovery motion, that plaintiff's motion should be denied because he failed to meet and confer. (*Id.*)

## II. Analysis

"[I]t is plaintiff's burden to name the correct defendant to his action…" *Walberg v. United States Postal Serv.*, No. 2:14-CV-0988-TLN-CMK, 2016 WL 815651, at 2 (E.D. Cal. Mar. 2, 2016), report and recommendation adopted, No. 2:14-CV-0988-TLN-CMK, 2016 WL 1267913 (E.D. Cal. Mar. 31, 2016). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Discovery motions will not be considered unless the movant (1) has made a goodfaith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

Although plaintiff's motion is captioned as a motion to compel, construing plaintiff's complaint liberally, it does not appear that plaintiff has sought to take discovery regarding the identities of Officers Dubree and Warden. It instead appears that plaintiff is mindful of his obligation to serve Officers Dubree and Warden and is attempting to do so by asking the Court for an Order to compel the Nevada AG to accept service for Dubree and Warden. It is not clear based on the Nevada AG's ambiguous response whether (1) it is unable to accept service because, based on a common sense reading of plaintiff's complaint and a good faith search, it cannot identify any officers named Officer Dubree or Warden (regardless of a slight misspelling) OR (2) if it cannot accept service because it has determined the identity of either or both of defendants, and the identified defendant(s) is/are no longer employed by the state. The Court thus orders the Nevada AG to clarify the record so that this case can

move forward. If the Nevada AG cannot identify Officers Dubree or Warden, the Nevada AG must file a notice on the record attesting to the fact that it cannot in good faith identify Officers Dubree or Warden after a diligent search of its records. If, on the other hand, the Nevada AG cannot accept service for Officers Dubree or Warden because they are no longer state employees, the Court orders the Nevada AG to file a notice **ex parte under seal** that states (1) the full names of the defendant officers for whom it does not accept service and (2) their last-known-address information. Since the AG must file this private information ex parte under seal, the Nevada AG must **not** serve the plaintiff with the last known addresses of those defendants for whom it has such information. If the last known address of the defendants is a post office box, the AG's Office must attempt to obtain and provide under seal the last known physical addresses.

ACCORDINGLY,

IT IS ORDERED that plaintiff Weslie Martin's motion to compel (ECF No. 33) is GRANTED IN PART as follows: the Nevada AG has until Wednesday, January 13, 2021 to either (1) file a notice with the Court attesting that it cannot in good faith identify Officers Dubree or Warden after a diligent search OR (2) file a notice ex parte under seal that states the defendant's full names and last known physical addresses.

IT IS SO ORDERED.

DATED this 30th day of December 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE