UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WESLIE MARTIN, | 2:18-cv-02426-RFB-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTIONS TO COMPEL [ECF NOS. 64 AND 66] |
| THE STATE OF NEVADA, *et al*, | |
| Defendants. | |

Plaintiff Weslie Martin filed two motions to compel discovery from the defendants. ECF Nos. 64 and 66. I deny both motions without prejudice.

**I.    Background**

Plaintiff is incarcerated and filed a civil rights complaint pursuant to 42 U.S.C. § 1983: Judge Boulware screened plaintiff's complaint and allowed him to proceed with his claims of Eighth Amendment sexual assault, excessive force, and deliberate indifference to serious medical needs. ECF No. 18. Plaintiff argues in the first filed motion to compel that on July 28, 2021, he sent discovery requests to the Attorney General's office. ECF No. 64. He argues that the AG has not cooperated with him regarding all the discovery he seeks. *Id.* Plaintiff argues in the second motion to compel that the AG has still not sent him the discovery he seeks. ECF No. 66. He also attached an excerpt from a letter from the AG's office where it appears that the AG asked for an extension of time to respond to his discovery requests. *Id.* at 3.

The defendants argue in their responses that plaintiff did not meet and confer in good faith prior to bringing these motions. ECF Nos. 71 and 72. Counsel for the defendants argues that she proactively contacted plaintiff to find out whether he still wanted discovery, given that he moved for summary judgment soon after discovery opened, and to seek an extension of time to respond to it if so. *Id*. at 2. Defendants' counsel states that plaintiff refused to grant an extension and hung up on her. *Id*. Defendants also argue that his motions should be denied because he failed to comply with the local rules by not identifying the specific discovery he compels. *Id*.

Plaintiff argues in his replies that defendants' counsel is "a liar." ECF Nos. 73 and 74. He argues that he attempted to meet and confer with her, but that she only attempted to get an extension, "which is why the conversation went bad." *Id.* at 2. He says he also tried to schedule another call with her, but she did not show at the scheduled time. *Id.*

## II. Discussion

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.)*, No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Per Local Rule 26-6 (b), "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it." "Discovery motions will not be considered unless the movant…has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c).

Plaintiff has not complied with Local Rule 26-6(b) as he did not set forth the text of the discovery he sought in the motion to compel. When parties fail to communicate with each other, it violates Rule 1 and it wastes scarce judicial resources. The local rules are not mere formalities. While the parties technically talked on the phone and sent written correspondence, based on the representations both parties make, I find that the parties did not have a good faith discussion to resolve these issues. Although plaintiff is pro se, I expect him to follow the rules of this court. I deny plaintiff's motion without prejudice because he failed to follow the local rules.

I order that counsel for the defendants and plaintiff must meet and confer in good faith before plaintiff can refile his motion(s) to compel. I will consider sanctioning both parties if they are unable to meet and confer in good faith and make good faith efforts to resolve these issues without further intervention. If plaintiff refiles his motion to compel, he must include the full text of the discovery sought and detail the meet-and-confer efforts.

ACCORDINGLY,

I ORDER that plaintiff's motions to compel (ECF Nos. 64 and 66) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 28th day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE