AARON D. FORD
  Attorney General
DAWN R. JENSEN (Bar No. 10933)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
(702) 486-3195 (phone)
(702) 486-3773 (fax)
Email:  drjensen@ag.nv.gov

*Attorneys for Defendant Efrain Lona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESLIE MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-02426-RFB-VCF<br><br>**UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE THIRTY DAYS**<br>**(FIRST REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)** |

Defendant, Efrain Lona, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Dawn R. Jensen, Deputy Attorney General, hereby moves, unopposed, to extend the dispositive motion deadline, by thirty-two (32) days to, Monday, March 21, 2022.[1]

**I.    BACKGROUND**

Plaintiff Weslie Martin (hereinafter Martin) is an inmate lawfully incarcerated in the Nevada Department of Corrections (NDOC). Martin sues Correctional Officer Efrain Lona for various alleged constitutional violations occurring during Martin's incarceration at High Desert State Prison (HDSP). ECF No. 19 at 5; ECF No. 18 at 3-11. Pursuant to this Court's Screening Order, Martin was permitted to proceed against Lona on the following

---

[1] Defendants are requesting a thirty-two (32) day extension, rather than a thirty (30) day extension because the 30th day falls on a Saturday.

counts: (1) one count of use of excessive force under the Eighth Amendment; and (2) one count of deliberate indifference to a serious medical need under the Eighth Amendment. ECF No. 18 at 7-11.

A scheduling order was issued on July 23, 2021, setting the deadline for discovery to close on January 18, 2022, and for filing dispositive motions by February 17, 2022. ECF No. 59 at 2. The current Deputy Attorney General (hereinafter DAG Jensen) came on to this case in November 2021. ECF No. 77. On November 29, 2021, the court held a hearing on Plaintiff's Motion for Reconsideration, Plaintiff's Motion for Summary Judgment, and Motion for Clerk's Default. At the hearing, after discussing the status of discovery, the court ordered the parties to meet and confer to develop a new proposed scheduling order and ordered Plaintiff be provided a paper copy of all medical records by December 10, 2021. ECF No. 82. The proposed scheduling order was due to the court by December 20, 2021. Id. The parties did meet and confer and Plaintiff was provided all medical records to his cell.

On December 22, 2021, the parties did meet and confer. DAG Jensen and Martin discussed the current scheduling order and the dates set forth therein. After inquiring how much time Plaintiff would need, Martin indicated he did not need more time; he was satisfied with keeping the deadlines as they are. The parties discussed the status of discovery production and concluded the call. On January 6, 2022, Martin filed a notice indicating that discovery is complete. ECF No. 88.

On February 11, 2022, DAG Jensen spoke with Martin. DAG Jensen indicated that due to the demands of her workload and an inability to meet the deadline, she requested a thirty-day extension to file dispositive motions. Martin graciously agreed and indicated he would not be opposed to my request.

Defendants now move to extend the deadline to complete dispositive motions thirty-two (32) days to Monday, March 21, 2022. Good cause supports this extension request as more particularly set forth herein below.

. . .

II.   **LEGAL STANDARD**

Motions to enlarge time are governed by FED R. CIV. PROC. 6(b) and Nevada Local Court Rule 26-3.[2]

(b)   Extending Time.

    (1)   In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A)   with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

        (B)   on motion made after the time has expired if the party failed to act because of excusable neglect.[3]

FED R. CIV. PROC. 6(b).

LR 26-3. EXTENSION OF SCHEDULED DEADLINES

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[4]

---

[2] On April 17, 2020, the Federal District Court of Nevada amended the Local Rules. This motion cites to the most recent version.
[3] Fed R. Civ. Proc. 6(b).
[4] Nevada Local Court Rules LR 26-4.

## III. LEGAL ARGUMENT

### A. Local Rule 26-3 Requirements

#### 1. The Discovery Completed to Date

To date, the parties have completed the following discovery: Defendants provided a full and complete paper copy of Plaintiffs medical record (pursuant to minute order; ECF No. 82) on December 14, 2021. Defendants provided Responses to Plaintiffs Request for Production of Documents on December 29, 2021.

#### 2. Discovery That Remains to Be Completed

Discovery is complete in this action. On January 6, 2022, Plaintiff filed a Notice to the court that discovery has been completed. ECF No. 88.

#### 3. The Reason the Dispositive Motion Deadline Cannot Be Completed

Defendant is unable to adhere to the dispositive motion deadline is due to the demands of DAG Jensen's current caseload. Counsel for the defense is assigned a current caseload of approximately forty-two matters. *See* Exhibit A (Declaration of Counsel). In the preceding two weeks, counsel has prepared for and attended five mediations and/or settlement conferences, one being a global settlement involving six matters, prepared for and attended a Las Vegas Justice Court trial, and filed two Answers. In the next two weeks, DAG Jensen is required to: prepare for and attend four more mediations and/or settlement conferences, file another Motion for Summary Judgment, with another dispositive motions deadlines fast approaching in March, draft a response to a Motion to Compel and a Response to a Temporary Restraining Order, and finalize settlement documents in other recently resolved matters. Also, DAG Jensen is sharing in additional tasks and case reassignments, due to OAG staff out on FMLA leave. Lastly, DAG Jensen is a mother to young children which presents challenges in completing anything after hours.

Granting a thirty-two (32) day extension would move the dispositive motion deadline to, Monday, March 21, 2022. As discussed below, Martin is not opposed to this extension.

DAG Jensen respectfully asks this court to extend the dispositive motions deadline so that she can complete the various upcoming deadlines and yet give the attention this case deserves.

### 4. ~~Proposed~~ Discovery Schedule

**Deadline for Dispositive Motions:** Monday, March 21, 2022.

**Deadline for Joint Pretrial Order:** The joint pretrial order is due thirty (30) days after the entry of the Court's order on dispositive motions.

### B. Good Cause Supports the Extension

This Court should find good cause supports the extension. Specifically, DAG Jensen has been diligent in meeting her prior obligations. At the same time, she is committed to a multitude of upcoming deadlines and responsibilities from an active and increasing caseload. Due to a temporary staff deficit, extra tasks, deadlines, and last-minute requests for assistance are expected. Also, working at home after hours is not practicable. Thus, these factors prevent counsel from being able to meet the dispositive motion deadline. DAG Jensen intends to meet the thirty-two (32) day extension and it would not prejudice either party. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

### C. Meet And Confer

On February 11, 2022, DAG Jensen spoke with Martin. She indicated that due to the demands of her workload and an inability to meet the deadline, she requested a thirty-day extension to file dispositive motions. Martin graciously agreed and indicated he would not be opposed to DAG Jensen's request.

. . .

. . .

## IV. CONCLUSION

For the forgoing reasons, and for good cause appearing, the Defendant respectfully requests this Court grant the Unopposed Motion to Extend the Dispositive Motion Deadline as follows:

1. The time for the parties to file any dispositive motion be extended by thirty-two (32) days to Monday, March 21, 2022.

2. If no dispositive motions are filed, the Joint Pretrial Order shall be filed on or before Monday, March 21, 2022. If the parties file dispositive motions, the Joint Pretrial Order shall be filed thirty (30) days after the Court serves its order disposing of the dispositive motions, or further Court order.

DATED this 14th day of February, 2022.

AARON D. FORD
Attorney General

By: /s/ Dawn R. Jensen
DAWN R. JENSEN (Bar No. 10933)
Deputy Attorney General

*Attorneys for Defendant*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2-15-2022

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 14, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE THIRTY DAYS (FIRST REQUEST TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

>Weslie Martin, #1157084
>Ely State Prison
>P.O. Box 1989
>Ely, Nevada 89301
>Email: ESP_LawLibrary@doc.nv.gov
>*Plaintiff, Pro Se*

/s/ Cathy L. Mackerl
CATHY L. MACKERL, an employee of the
Office of the Nevada Attorney General

# EXHIBIT A

## Declaration of Counsel

# EXHIBIT A

AARON D. FORD
  Attorney General
DAWN R. JENSEN (Bar No. 10933)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3195 (phone)
(702) 486-3773 (fax)
Email: drjensen@ag.nv.gov

*Attorneys for Defendant Efrain Lona*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| WESLIE MARTIN, | Case No. 2:18-cv-02426-RFB-VCF |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF COUNSEL** |
| THE STATE OF NEVADA, *et al.*, | |
| Defendants. | |

I, Dawn R. Jensen, hereby attest that the following statements to the best of my knowledge are true and correct.

1. I am employed as a Deputy Attorney General in the Office of the Nevada Attorney General. I am employed in the Public Safety Division.

2. I represent the Defendant in the matter of *Weslie Martin v. The State of Nevada* case no. 2:18-cv-02426-RFB-VCF.

3. I am currently assigned forty-two matters.

4. In the preceding two weeks, I have prepared for and attended five mediations and/or settlement conferences, one being a global settlement involving six matters, prepared for and attended a Las Vegas Justice Court trial, and filed two Answers.

5. In the upcoming two weeks I have the following deadlines: prepare for and attend four more mediations and/or settlement conferences, file another Motion for Summary Judgment and another due in March, complete a response to a Motion to Compel, complete

a Response to a Temporary Restraining Order, and finalize settlement documents in other recently resolved matters.

6.  I am sharing in additional tasks and assignments, due to OAG staff out on medical leave. I have two young children.

7.  I certify that I bring this motion in good faith and not for any improper purpose or unnecessary delay.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of February, 2022.

>AARON D. FORD
>Attorney General
>
>By: /s/ Dawn R. Jensen
>DAWN R. JENSEN (Bar No. 10933)
>Deputy Attorney General
>
>*Attorneys for Defendant*