**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WESLIE MARTIN, | Case No. 2:18-cv-02426-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| LONA, *et al.*, | |
| Defendants. | |

Before the Court is the unopposed Motion for Substitution (ECF No. 122) submitted by Denzel Hosea Martin ("Administrator") as the Special Administrator of the Estate of Plaintiff Weslie Hosea Martin ("Decedent").

Pursuant to Federal Rule of Civil Procedure 25(a)(1), if a party dies and the claim is not extinguished, the Court may order substitution of the proper party upon the motion of any party or by the decedent's successor or representative. Such a motion "must" be made "within 90 days after the service of a statement," in accordance with Federal Rule of Civil Procedure 5, "noting the death." Fed. R. Civ. P. 25(a)(1). Failure to do so requires dismissal. Id. Rule 25(a)(1)'s 90-day period is not triggered where no formal statement of death is filed. See Flores v. City of Westminster, 873 F.3d 739, 761 (9th Cir. 2017) (holding no "trigger" in similar circumstances); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (similar). An untimely motion may still be considered on a showing of excusable neglect. See Fed. R. Civ. P. 6(b).

The Court now turns to the merits of the motion. It considers the timeliness, whether the Administrator is the proper party, and whether non-exhausted claims remain in turn.

First, the Court finds the motion was timely brought. On February 15, 2024, a notice of suggestion of death was filed with the Ninth Circuit indicating that Decedent had died. ECF No.

115. Nearly 200 days later, on August 28, 2024, the Administrator filed the instant motion. ECF No. 122. While a suggestion of death was filed with the Ninth Circuit, the Court finds no such notice had been filed with this Court as required by Rule 5. See Fed. R. Civ. P. 5 (requiring proof of service or electronic filing); see also Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1092-94 (9th Cir. 2017) (timing the 90-day deadline from the filing and service of a notice of death on the district court docket). Because there is no formal assertion of death on the record in this case, the Court finds that the 90-day clock set by Rule 25(a)(1) was not triggered. Therefore, the Court finds that the instant motion was timely.[1]

Second, the Court finds that Decedent's claims were not extinguished upon his death. The operative complaint (ECF No. 19) brings several claims seeking legal remedies pursuant to 42 U.S.C. § 1983. The Supreme Court has instructed courts to apply the survivorship law of the forum state in § 1983 actions. Robertson v. Wegmann, 436 U.S. 584, 588-89 (1978). The relevant Nevada statute provides that "no cause of action is lost by reason of the death of any person." Nev. Rev. Stat. § 41.100(1). Therefore, the claims survive.

Finally, the Court finds the Administrator is the proper successor to Decedent in this action. Under Nevada law, causes of action that survive a decedent "may be maintained by or against the person's executor or administrator." Nev. Rev. Stat. § 41.100(1). An executor is nominated by a will whereas, in intestate cases, an administrator is appointed by a court. Gonor v. Dale, 432 P.3d 723, 736 (Nev. 2018) (citing Nev. Rev. Stat. §§ 132.130, .040). Here, the Administrator has provided proper proof of appointment as the administrator of Decedent's estate.

For the foregoing reasons, **IT IS ORDERED** the unopposed Motion for Substitution (ECF No. 122) submitted by Denzel Hosea Martin as the Special Administrator of the Estate of

---

[1] Even if the motion was untimely, the Court would exercise its discretion to find excusable neglect. Federal Rule of Civil Procedure 6(b) allows for the extension of mandatory deadlines, including Rule 25(a)(1), for excusable neglect on the motion of a party. See Zanowick, 850 F.3d at 1094. Indeed, "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" Id. (quoting Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993)). The Court construes the Administrator's motion as making such a motion. Having considered the relevant factors, including the danger of prejudice to Defendants, the length of the delay, the reason for the delay, and the good faith exhibited by the Administrator, the Court finds excusable neglect. See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

1  Plaintiff Weslie Hosea Martin ("Decedent") is **GRANTED.** The Clerk of Court is instructed to
2  substitute Denzel Hosea Martin, as the Special Administrator of the Estate of Plaintiff Weslie
3  Hosea Martin, in place of Plaintiff Weslie Martin.

5  **DATED:** November 20, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**